Dear Mr. Coreil:
You have asked this office to advise whether our state Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., prohibit an assistant district attorney in Evangeline Parish from serving as magistrate in the mayor's court for the Town of Mamou.
"Whenever a government official serves in various capacities within several interrelated state or local governmental agencies, there exists a natural concern for any actual or perceived bias". See Attorney General Opinion 95-0235. Two issues are raised here: (1) whether dual officeholding laws prohibit the simultaneous holding of these positions, and (2) whether there is a conflict of interest which would prohibit the simultaneous holding of these two positions.
Addressing the first issue, we note that for purposes of dual officeholding, the magistrate of a mayor's court holds part-time appointive office in a political subdivision of the state. See R.S. 33:441[1] and R.S. 42:62(2)[2] and (5)[3]. The position of assistant district attorney constitutes "appointive office" as defined by R.S. 42:62(2); see also LSA-Const. Article V § 26(A) (1974) which states that "the district attorney of each judicial district and the parish of Orleans shall appoint a first assistant district attorney and such other assistant district attorneys for his respective judicial district or the parish of Orleans as may be necessary." Further, R.S. 16:15(B) provides that "assistant district attorneys serve at the pleasure of and may be removed at the discretion of the district attorney."
In addition, for purposes of dual officeholding laws, mayor's courts and district attorneys are separate political subdivisions of the state. See R.S. 42:62(9).[4]
R.S. 42:63(E) prohibits the simultaneous holding of two full-time appointive offices.
 E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
Since the position of magistrate is held on a part-time basis, the prohibition of R.S. 42:63(E) is inapplicable.
It is our opinion that the prohibitions of the dual officeholding law do not prohibit one from holding both positions. However, addressing the second issue, the potential for a conflict of interest exists because the mayor's courts are part of the judiciary, and its magistrates are subject to the Code of Judicial Conduct. See LSA-Const. Article V § 5(A) (1974)[5] and Article V § 20 (1974).[6] We suggest you seek the further opinion of the Judiciary Commission, with attention directed to Mr. Steven Scheckman, 601 St. Charles Avenue, New Orleans, Louisiana, 70130, phone 504-568-8299.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: ________________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] LSA-R.S. 33:441 states:
§ 441. Mayor's court
A. (1) Except as provided in Chapter 7 of Title 13, there shall be a mayor's court in the municipality, with jurisdiction over all violations of municipal ordinances. The mayor may try all breaches of the ordinances and impose fines or imprisonment, or both, provided for the infraction thereof. Notwithstanding any other provision of law to the contrary, the mayor may also impose court costs not to exceed thirty dollars for each offense, as defined by ordinance, on any defendant convicted of a violation of a municipal ordinance.
(2) The mayor may suspend the execution in whole or in part of a fine or imprisonment, or both, imposed for violation of a municipal ordinance and place the defendant on unsupervised or supervised probation with such conditions as the mayor may fix and, at any time during the probation, modify, add, or discharge. The probation shall be for a period as the mayor shall specify up to one year. The mayor may terminate or revoke the probation at any time. At the termination of the probation, the mayor may set the conviction aside and dismiss the prosecution.
(3) Notwithstanding any other provision of law to the contrary, when a defendant has been convicted of violation of a municipal ordinance, the mayor may suspend the imposition or the execution of the whole or any part of the sentence and place the defendant on unsupervised probation upon such conditions as the mayor may fix. Such suspension of sentence and probation shall be for a period of six months or such shorter period as the mayor may specify. But in no case shall the probationary period imposed exceed the maximum penalty of imprisonment that may be imposed for violation of a particular ordinance.
B. Notwithstanding any other provision of law to the contrary, the board of aldermen in its discretion may, upon request of the mayor, appoint an attorney who shall be designated as court magistrate and who shall serve at the pleasure of the mayor and may from time to time be designated by the mayor to serve in his stead as the presiding official over the mayor's court. Whenever the magistrate is so designated by the mayor to preside over the mayor's court, he shall exercise the powers and authority of the mayor over said court. The board of aldermen shall fix and pay the salary of the magistrate, if one is appointed.
C. (1) The mayor shall have the power of a committing magistrate.
(2) The presiding officer of a mayor's court shall be entitled to judicial immunity for his official acts as presiding officer in the same capacity as a judge in this state.
[2] R.S. 42:62(2) states: "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
[3] R.S. 42:62(5) states: "Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
[4] R.S. 42:(9) states: "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
[5] LSA-Const. Article V of 1974 governs the Judicial Branch. Section 5(A) of Article V states: Supervisory Jurisdiction; Rule-Making Power; Assignment of Judges. The supreme court has general supervisory jurisdiction over all other courts. It may establish procedural and administrative rules not in conflict with law and may assign a sitting or retired judge to any court. The supreme court shall have sole authority to provide by rule for appointments of attorneys as temporary or ad hoc judges of city, municipal, traffic, parish, juvenile, or family courts.
[6] LSA-Const. Article V of 1974 governs the Judicial Branch. Section 20 of Article V states:
Mayors' Courts; Justice of the Peace Courts
Section 20. Mayors' courts and justice of the peace courts existing on the effective date of this constitution are continued, subject to change by law.